# IN THE COURT OF APPEALS OF IOWA

No. 23-0064
Filed January 10, 2024

**MELISSA WEBER and SHELLY DONLON,**
        Plaintiffs-Appellants,

**vs.**

**NANCY JORDAHL and WAYNE JORDAHL, individually, and NANCY JORDAHL in her capacity as Executor of the Estate of Pauline Fossum and Trustee of the Pauline Fossum Revocable Trust,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Winneshiek County, Alan T. Heavens, Judge.

        Granddaughters appeal the order dismissing their petition contesting their grandmother's will and trust. **AFFIRMED.**

        Judith O'Donohoe of Elwood, O'Donohoe, Braun, White, LLP, Charles City, for appellants.

        Thomas C. Verhulst of Beecher, Field, Walker, Morris, Hoffman & Johnson, P.C., Waterloo, for appellees.

        Heard by Tabor, P.J., and Ahlers and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Melissa Weber and Shelly Donlon appeal the order denying their petition that contests the will and trust of their grandmother, Pauline Fossum, claiming that Pauline's daughter and son-in-law, Nancy and Wayne Jordahl, exercised undue influence over Pauline and tortiously interfered with their inheritance. Melissa and Shelly first claim the district court erred by excluding their rebuttal witness. Because we find the rebuttal was improper, we affirm the exclusion of the witness. Next, Melissa and Shelly contend the district court erred by finding they failed to prove: (1) Nancy and Wayne exercised undue influence over Pauline in the execution of her will and trust and (2) tortiously interfered with their inheritance.[1] Because we find that Melissa and Shelly failed to establish either claim, we affirm the denial of their petition.

## I. *Background Facts and Proceedings.*

Pauline passed away on January 29, 2021, and was predeceased by both her husband, Delford Fossum, and their son, David Fossum. She was survived by a daughter, Nancy, and Nancy's husband, Wayne Jordahl. This action was brought by David's children, Melissa and Shelly.

Before Pauline's death, the Fossum family was fraught with tension. David had consistent substance-use concerns over the years, including three operating-while-intoxicated charges. Pauline, Nancy, and Wayne pitched in to bail him out from jail and provide care. David completed a substance-abuse evaluation in 2014

---

[1] The district court found that Pauline had testamentary capacity due to the overwhelming amount of evidence. While the appellants preserved this issue at the district court level, they did not dispute it on appeal. We therefore find this issue waived. *See* Iowa R. App. P. 6.903(2)(g)(3).

that recommended he participate in extended outpatient treatment, but he did not complete it. By 2014–2015, David's health and cognitive decline prevented him from living independently and properly caring for himself. The house he had been living in on Pauline's property was "unsanitary" and covered in filth. He lived with Pauline off and on, and she and Nancy cared for him.

As time passed, Pauline's longtime physician expressed concerns with the shared housing situation. It was apparent that David's needs were a great source of stress for Pauline, and there was evidence that David may have been verbally abusive to her. In 2015, David was placed under guardianship and conservatorship, and Melissa was eventually appointed as his guardian. Melissa moved David to an apartment and provided consistent care to him until his death in 2020.

During her lifetime, Pauline executed two separate wills. Her long-time attorney drafted both. In 1990, she executed a first will and testament, naming her husband as sole beneficiary and executor. Their two children, David and Nancy, were named as contingent beneficiaries, with David serving as replacement executor. Following her husband's death, Pauline executed a codicil that named both David and Nancy as co-executors.

On June 26, 2015, during David's guardianship proceedings, Pauline executed both a second will and revocable trust, which are the subjects of this appeal. In her revised will, Pauline revoked the 1990 will and named Nancy as the sole executor. She also established a revocable trust and directed that all her estate pass to the trust, of which Nancy was the sole trustee and beneficiary. Nancy's children were named as contingent beneficiaries in the event Nancy

should predecease Pauline.  The same day, Pauline conveyed property—such as real estate, financial accounts and investments, and tangible personal property—to the trust.

After Pauline's death in 2021, Melissa and Shelly contested her will.  In their petition, they alleged Pauline lacked testamentary capacity, that Nancy and Wayne unduly influenced Pauline, and that Nancy and Wayne tortiously interfered with their bequest.

Less than two weeks before trial, Melissa and Shelly disclosed several witnesses for the first time.  The district court excluded these witnesses for lack of timeliness and prejudice to the opposing parties.  During the bench trial, Melissa and Shelly again attempted to call one of these witnesses, Pat O'Regan, as a rebuttal witness, and the district court again denied them, determining the use of rebuttal was a thinly-veiled attempt to subvert the timeliness issue and introduce new, additional evidence.

Following trial, the district court denied Melissa and Shelly's petition with prejudice.  Melissa and Shelly appealed.  On appeal, they do not contest the district court's conclusion that Pauline had testamentary capacity.  Instead, they contend the district court erred by excluding the rebuttal testimony and dismissing their claims for undue influence and tortious interference with a bequest.

## II.    Exclusion of Rebuttal Witness Testimony.

First, although Melissa and Shelly do not appeal witness Pat O'Regan's exclusion from their case-in-chief, they claim the district court erred by excluding his rebuttal testimony.  "Rebuttal evidence is evidence that explains, repels, controverts, or disproves evidence produced by the opposing party."  *State v.*

*Weaver*, 608 N.W.2d 797, 806 (Iowa 2000). We generally review evidentiary rulings for an abuse of discretion. *Valdez v. West Des Moines Cmty. Schs.*, 992 N.W.2d 613, 634 (Iowa 2023). An abuse of discretion is a decision that is based "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Einfeldt*, 914 N.W.2d 773, 778 (Iowa 2018) (citations omitted). "The trial court has considerable discretion in admitting rebuttal evidence . . . ." *Weaver*, 608 N.W.2d at 806.

Melissa and Shelly argue O'Regan would be used to rebut two other witnesses: Kevin Bidne, Pauline's neighbor, and Dave Wise, her longtime tenant. Both Bidne and Wise testified that Pauline had never discussed her estate planning decisions with them. Melissa and Shelly claim that O'Regan would serve as rebuttal because Pauline had shared her wishes with *him*. But the district court concluded that this was not proper rebuttal testimony. O'Regan's statements were not being used to explain or disprove any interactions Pauline had with Bidne or Wise. Instead, it was new evidence of a *separate* conversation that should have been timely disclosed prior to trial. Because we find the evidence did not rebut the testimony of Bidne or Wise, we conclude the district court properly exercised its discretion by denying it.

### III. Dismissal of Claims.

Next, Melissa and Shelly contend the district court erred by dismissing their claims that Nancy and Wayne unduly influenced Pauline in the execution of her will and tortiously interfered with their bequest. Because will contests are triable in the probate court as an action at law, our review is for the correction of errors. *See* Iowa Code § 633.311 (2021); *Wolf v. Wolf*, 690 N.W.2d 887, 892 (Iowa 2005).

In reviewing for correction of errors at law, "the district court's fact findings are binding on us if they are supported by substantial evidence." *Wolf*, 690 N.W.2d at 892. We consider each claim in turn.

*A. Undue Influence.*

Melissa and Shelly allege the district court erred by dismissing their undue-influence claim. To exercise undue influence over another, the person exercising influence substitutes their will with that of the testator. *In re Est. of Bayer*, 574 N.W.2d 667, 671 (Iowa 1998). In order to prove that Nancy and Wayne unduly influenced Pauline, Melissa and Shelly must establish: (1) Pauline was susceptible to undue influence; (2) Nancy and Wayne had an opportunity to exercise undue influence; (3) they had a disposition to influence unduly to procure an improper favor; and (4) the result was clearly the effect of undue influence. *Id.* Mere suspicion is not adequate, but instead, "there must be a *solid foundation of established facts upon which to rest an inference of its existence.*" *Id.* (quoting *In re Will of Pritchard*, 443 N.W.2d 95, 98 (Iowa 1989)).

In contending the district court erred, the appellants' argument rests solely on the credibility of their own witnesses. But it is not the job of this court to make credibility determinations. *See Van Sloun v. Agans Bros.*, 778 N.W.2d 174, 182 (Iowa 2010) ("On appeal in a law action we are bound by such factual findings on the credibility of witnesses."); *see also Bayer*, 574 N.W.2d at 670 (stating that in a will contest, weight and credibility of the evidence are questions for the trier of fact). Instead, we defer to the district court's evaluation of the evidence. It found Nancy and Wayne's evidence credible and that Pauline was not susceptible to being unduly influenced. Several witnesses expressed Pauline's strength and resolve.

Despite health complications and stressors related to David's caregiving, Pauline was described as "alert, oriented," "active," "sharp," and "independent." At trial, the appellants attempted to present a narrative of Nancy and Wayne's isolation of Pauline away from loving family. But the evidence instead depicted Pauline's conflict between her love for her children and her concern for the loss of the family farm to creditors or liens should David continue to have substance-abuse issues or potentially cause an accident while driving under the influence. Pauline then used her long-term, trusted attorney to make her provisions in light of those particular circumstances.

Melissa and Shelly further claim Pauline and Nancy shared a "confidential relationship," which impacts Nancy's level of influence over her mother. A "confidential relationship" exists in "all the variety of relations in which dominion may be exercised by one person." *In re Herm's Est.*, 284 N.W.2d 191, 199 (Iowa 1979) (citation omitted). A suspicion of undue influence arises "where the dominant party in a confidential relationship participates in either the *preparation or execution of the contested will*." *Bayer*, 574 N.W.2d at 675. Whether a confidential relationship exists between Pauline and Nancy, the presence of suspicion would not change the analysis. Substantial evidence shows Nancy did not unduly influence Pauline. While Pauline and Nancy had a close relationship and Nancy certainly had an influential role in her life, the district court found Nancy highly credible. It described her as "not a controlling or domineering person" and found no evidence that she used her caregiving position to manipulate Pauline's estate plans. With regard to Wayne, the district court found that he had no interest in Pauline's property. In fact, he actually *requested* he be removed as a contingent

beneficiary.  Upon review, we find substantial evidence supports that Pauline was not unduly influenced by either Nancy or Wayne.  We therefore affirm dismissal of this claim.

   *B.  Tortious Interference with a Bequest.*

   Finally, Melissa and Shelly argue the district court erred by denying their tort claim because Nancy and Wayne tortiously interfered with their bequest. There is "substantial overlap" between undue influence and tortious interference with a bequest.  *Youngblut v. Youngblut*, 945 N.W.2d 25, 37 (Iowa 2020) (citation omitted).   Like their undue-influence claim, Melissa and Shelly hinge their argument on credibility determinations, claiming their evidence is more reliable. But they once again fail to explain why the district court's findings constitute error. To be successful on a claim for tortious interference, Melissa and Shelly must show: (1) they expected to receive a bequest from Pauline upon her death, (2) Nancy and Wayne knew of the expected bequest, (3) Nancy and Wayne intentionally and improperly interfered with their expectancy through undue influence, (4) there was a reasonable certainty Melissa and Shelly would have received an inheritance but for the interference, and (5) Melissa and Shelly suffered damages as a result of their loss of the bequest.  *In re Est. of Boman*, No. 16-0110, 2017 WL 512493 (Iowa Ct. App. Feb. 8, 2017).

   Melissa and Shelly have not produced substantial evidence in support of their tortious-interference claim.  They had no expectation of any bequest.  Pauline provided no inheritance to any of her grandchildren in the 1990 will, and likewise, she only included any grandchildren as contingent beneficiaries in the 2015 will. Neither appellant was named in a previous will, and there is no evidence Pauline

ever had any intentions to include them. In fact, when her attorney asked her about including David's children, Pauline reportedly answered, "If David isn't to have it, I would rather have Nancy and her family have it." Her attorney testified it was his understanding that while she loved Melissa and Shelly, Pauline did not wish for them to inherit anything. Because the same activities speak to the undue-influence claim as here, we similarly find no evidence of interference from Nancy or Wayne. Further, Nancy and Wayne could not interfere with an expectancy that did not exist. Accordingly, there is no showing of interference.

## IV.     *Disposition.*

Because the district court did not abuse its discretion in its evidentiary ruling, we affirm the exclusion of the appellants' rebuttal witness. Because substantial evidence supports the district court's findings, we affirm the denial of the undue influence and tortious interference with a bequest claims.

**AFFIRMED.**